Hall, Judge.
 

 The reason urged for a new trial in this case is, that the Court refused to nonsuit the plaintiff, because, when lie purchased the steer in dispute, he purchased a chose in action and could not bring the action in his own name. The facts are,
 
 that'Elijah Morgan
 
 was the owner of the steer, and had turned him out with other cattle into the woods. In this situation (as he and the
 
 *560
 
 plaintiff supposed him to be,) he sold him to the plaintff; ^ut it afterwards appeared that the defendant, before the sale, had by mistake taken up the steer with his other ca^je< supposing him to be one of his own raising. It is argued that this mistake divested the owner of his possession, so that he could only sell a chose in action. At the time of the sale there was no adverse possession by the defendant, as there afterwards was when the plaintiff made a demand of the steer. There was nothing of cham-perty or maintainance in the case; the seller and owner were both ignorant that the defendant had taken the steer into his inclosure. I think from all the circumstances of the case, that the rule for a new trial should be discharged. See
 
 Nichols
 
 v.
 
 Bunting, ante
 
 86.
 

 Judgment aeeirmed.